## SKEEN et al. v. LONDON INDEPENDENT SCHOOL DIST.

### No. 3602.

Court of Civil Appeals of Texas. El Paso. Jan. 13, 1938.

Rehearing Denied Jan. 27, 1938.

Clower, Sewell & Bezoni, of Tyler, for appellants.

Brachfield & Wolfe, of Henderson, for appellee.

WALTHALL, Justice.

Appellants, W. R. Skeen, A. M. Pearson, and B. F. Carroll, as plaintiffs in trial court, brought this suit in the Special district court of Rusk county against appellee, the London Independent School District, to try the title to and to recover the possession of a tract of land in Rusk county, Tex., and being a part of the Francisco Cordova survey in or near the town of London. The original petition was filed on March 4, 1935, is in trespass to try title to the tract of land described, for costs of suit, and for general and special relief. Appellants sufficiently show title in themselves to the land in controversy from the state, which we need not state; there being no controversy on that issue.

Appellee answered by general denial, general demurrer, plea of not guilty, and specially pleaded the ten and twenty-five year statutes of limitation in bar of appellants' suit, and pray that appellants take nothing by their suit.

The case was tried with a jury, and at the conclusion of the evidence the court instructed a verdict for appellee school district, and upon the jury's verdict judgment was rendered that appellants recover nothing and that appellee go hence without day and recover its costs.

Appellants duly appeal.

Opinion.

Appellants submit two propositions to the effect that the evidence having shown without controversy the record title to be in appellants, the evidence does no more than raise an issue of fact as to adverse possession in appellee of the tract of land in question and it was error to instruct the verdict.

There is no controversy in the evidence as to the character of the use and possession of the land; the only question presented here is as to its sufficiency to show such use and adverse possession as to perfect a claim of title under the limitation statutes pleaded.

We have found no evidence in the record, other than that offered by the appellee, as to the possession and use made of the land sued for.

The land involved in the suit consists of about three acres; in some parts of the evidence it seems the acreage is about 3.33 acres. We think, however, for the purpose of this opinion, the exact acreage of the land involved is unimportant. The shape of the land is irregular, and the court in the judgment gives the same description of the land as is given in appellants' petition.

The land involved was and is used by appellee school district as its school ground, on which it erected a schoolhouse, and on the ground not occupied by the schoolhouse it had provided facilities usually used for the convenience and entertainment and use of the school children in connection with the school, all pointed out in the evidence. Some of the conveniences were referred to in the evidence as indicating the outer boundary or limit of the school grounds; stalls for horses ridden by children coming to school from a distance were prepared by their parents and placed at the outer boundary, but on the school ground; as also was the boys' toilet.

Appellants offered no testimony as to the use and occupancy of the land.

Appellee offered a number of witnesses who testified to the use made by the school district of the land involved in the suit, the claim of ownership, no claim of ownership from any other source, the exclusive use made of the property by the appellee, and for the length of time. Some of the witnesses, now past middle age, had attended their first school while a small child on that ground, and later in life had served as trustee of the school, and were familiar with the grounds and the uses made of it all during the years, and each year during the school term.

We have carefully reviewed the evidence, some 260 pages, and several maps and diagram, and have concluded that the uncontroverted evidence shows the facts sufficient to establish title in appellee to the land involved under the statutes of limitation pleaded. We see no good reason for copying the evidence in the opinion.

The court was not in error in instructing the verdict, as was done, and rendering judgment thereon.

The case is affirmed.